IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

LATHRONEA P. GRESHAM,

    Plaintiff,

v.                       CIVIL ACTION NO. 1:92-01004

TRANSPORATION COMMUNICATIONS
INTERNATIONAL UNION, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

In 1992, plaintiff filed a lawsuit against her employer, Norfolk Southern, alleging discrimination on the basis of race and sex in violation of both Title VII and the West Virginia Human Rights Act.  That civil action was filed in this court and given Civil Action No. 1:92-1003.  On July 21, 1994, after a multi-day bench trial, the court entered judgment in favor of defendants and ordered the case removed from the court's docket. On September 8, 1995, the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment.

Along with the suit against her employer, plaintiff also filed the instant lawsuit against the union representing her in connection with her employment at Norfolk Southern.  Plaintiff alleged that the union defendants breached their duty of fair representation and discriminated against her on the basis of race.  The parties consented to proceeding before Magistrate Judge Mary S. Feinberg.  On November 3, 1994, Magistrate Judge Feinberg granted defendants' motion for summary judgment and

ordered this case stricken from the court's active docket.  Docs.
No. 71 and 72.

On April 2, 2015, plaintiff filed a motion to reopen both of
the foregoing cases which she titled "Plaintiff's Notice of
Motion and Motion to Re-open Legal Actions for Relief from
Judgments Pursuant to FRCP 60(4), (6)(d)(3) - Fraud Upon the
Court by Officers of the Court, et al to Conceal Violations of
Various Laws by Defendants Including Those Defined in 18 U.S.
Code Section 1961(1)(A)(B), Etc." (Doc. No. 103).  Defendants in
the other case filed a response to plaintiff's motion indicating
their opposition to reopening the case, as well as a motion to
strike and for sanctions.  No response has been filed by
defendants in this case.

After a review of plaintiff's filings, it is clear that she
is not entitled to relief under either Federal Rule of Civil
Procedure 60(b)(4) or 60(d)(3).  "Rule 60(b)(4) applies only in
the rare instance where a judgment is premised either on a
certain type of jurisdictional error or on a violation of due
process that deprives a party of notice or the opportunity to be
heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S.
260, 271 (2010).  Plaintiff does not point to any jurisdictional
error or due process violation such that Rule 60(b)(4) is
implicated.  Likewise, she has failed to show fraud upon the
court.  Of the high bar a litigant faces in proving fraud upon

2

the court, our appeals court recently explained:

    We have likewise underscored the constricted scope
of the fraud on the court doctrine.  In Great Coastal,
we held that fraud on the court is a "nebulous concept"
that "should be construed very narrowly" lest it
entirely swallow up Rule 60(b)(3).  675 F.2d at 1356.
We stressed that this doctrine should be invoked only
when parties attempt "the more egregious forms of
subversion of the legal process . . ., those that we
cannot necessarily expect to be exposed by the normal
adversary process."  Id. at 1357.  Even the "perjury
and fabricated evidence" present in Great Coastal,
which were "reprehensible" and unquestionable "evils,"
were not adequate to permit relief as fraud on the
court because "the legal system encourages and expects
litigants to root them out as early as possible."  Id.
Instead, the doctrine is limited to situations such as
"bribery of a judge or juror, or improper influence
exerted on the court by an attorney, in which the
integrity of the court and its ability to function
impartially is directly impinged."  Id. at 1356.

    In succeeding cases we have emphasized this
circumscribed understanding of fraud on the court.  In
Cleveland Demolition Co. v. Azcon Scrap Corp., we held
that fraud on the court involves "corruption of the
judicial process itself" and thus the doctrine cannot
support allegations involving a "routine evidentiary
conflict."  827 F.2d 984, 986 (4th Cir. 1987) (internal
quotation marks omitted).  To hold otherwise, we found,
would "seriously undermine[ ] the principle of
finality" by permitting "parties to circumvent the Rule
60(b)(3) one-year time limitation."  Id. at 987.
Later, in In re Genesys Data Technologies, Inc., we
recognized that "[c]ourts and authorities agree that
fraud on the court must be narrowly construed" or it
would "subvert the balance of equities" contained
within Rule 60(b)(3).  204 F.3d 124, 130 (4th Cir.
2000) (internal quotation marks omitted).  "Because the
power to vacate a judgment for fraud upon the court is
so free from procedural limitations, it is limited to
fraud that seriously affects the integrity of the
normal process of adjudication."  Id. (internal
quotation marks omitted).  We therefore held that
"[f]raud between parties" would not be fraud on the
court, "even if it involves [p]erjury by a party or
witness."  Id. (internal quotation marks omitted).

Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 135-36 (4th Cir. 2014).   For these reasons, plaintiff's motion to reopen case is DENIED.   Furthermore, those motions filed after the motion to reopen are DENIED as moot.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** this 6th day of November, 2015.

ENTER:

David A. Faber
Senior United States District Judge

4